IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-195-RAW |
| ) | |
| JORY L. BULLARD, ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the court is the motion of defendant to dismiss Count One of the Superseding Indictment (#95), to which the government has responded in opposition (#96)

The Superseding Indictment alleges a single count of child abuse in Indian Country, with the substantive statute being 21 O.S. §843.5(A). "[T]hrough the [Assimilative Crimes Act (ACA), 18 U.S.C. §13], federal law incorporates state law offenses committed by non-Indians in Indian country." *United States v. Menees,* 2022 WL 1004868, *2 (E.D.Okla.2022).(citing *McGirt v. Oklahoma,* 140 S.Ct. 2452 (2020)). Defendant argues that this state statute is not properly assimilated.

State statutes assimilated by the ACA in effect become federal statutes. *United States v. Twitty,* 859 Fed.Appx. 310 (10th Cir.2021). If the state-law crime is not already a federal offense, the ACA acts as a gap-filler allowing the government to apply state law. "Child abuse and neglect are not themselves federal offenses, creating a gap in federal law when these offenses are committed by non-Indians against an Indian victim in Indian country."

*Mensees,* at *2.  "Defendants, thus, may be indicted in this Court for violations of [21 O.S. §§843.5(A) and 843.5(C)]".  *Id.*

It is the order of the court that the motion of defendant to dismiss (#95) is denied.

**ORDERED THIS 15th DAY OF NOVEMBER, 2022.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**